Filed 2/25/16  P. v. Stowe CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN STOWE,<br><br>    Defendant and Appellant. | B263091<br><br>(Los Angeles County<br>Super. Ct. No. BA428775) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Katherine Mader, Judge.  Affirmed.

David R. Geifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Kevin Stowe was charged by information with one count of second degree robbery (Pen. Code, § 211), with prior strike, serious violent felony, and prison term allegations (§§ 1170, 1170, subd. (h), 667.5, subd. (b), 667, subd. (a)(1), 1170.12). Before trial, defendant's counsel declared a doubt as to his competence. Defendant was examined by a psychiatrist, and the court concluded that defendant was competent to stand trial. Defendant voluntarily absented himself from trial.

Defendant was convicted by jury of robbery, and a jury found his prior conviction and prison term allegations to be true. The trial court denied defendant's *Romero*[1] motion to dismiss his strike conviction. Defendant was sentenced to the midterm of three years for the robbery, which was doubled because of his strike prior, as well as a consecutive five years for his serious felony prior conviction. Defendant was also sentenced to two 1-year terms for his prison priors, which the trial court struck. Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared that he advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file any supplemental brief with this court.

The following evidence was adduced at trial: On August 27, 2014, Joselito Abo was at a bus stop in downtown Los Angeles when defendant put his hand in Mr. Abo's pocket and tried to take cash and other possessions from Mr. Abo. Mr. Abo struggled to retain his possessions. Defendant slammed him into a bus pole, and took the items from Mr. Abo's pocket. As defendant walked away, a man confronted defendant, and defendant dropped some of Mr. Abo's possessions. Mr. Abo called 911, defendant was detained, and Mr. Abo identified defendant in a field show up.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

We have examined the entire record, consisting of two volumes of a clerk's transcript, the exhibits to counsel's request to augment the record on appeal, and three volumes of a reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.


                                        GRIMES, J.

WE CONCUR:


        BIGELOW, P. J.



        RUBIN, J.